1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   GUILLERMO CHAVEZ,                          No.  2:16-cv-0520 CKD P

12                 Plaintiff,

13        v.                                     ORDER AND

14   CALIFORNIA DEPARTMENT OF                    FINDINGS AND RECOMMENDATIONS
     CORRECTIONS AND
15   REHABILITATION, et al.,

16                 Defendants.

17

18        Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. §

19   1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. §

20   636(b)(1).

21        Plaintiff requests leave to proceed in forma pauperis.  Since plaintiff has submitted a

22   declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted.

23   Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§

24   1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the

25   initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.

26   Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding

27   month's income credited to plaintiff's prison trust account.  These payments will be forwarded by

28   /////

                                              1

1   the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

2   exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

3          The court is required to screen complaints brought by prisoners seeking relief against a

4   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

5   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

6   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

7   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

8   A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v.

9   Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir.

10  1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably

11  meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at

12  327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an

13  arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989);

14  Franklin, 745 F.2d at 1227.

15         In order to avoid dismissal for failure to state a claim a complaint must contain more than

16  "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause

17  of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,

18  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

19  statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim

20  upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A

21  claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

22  the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S.

23  at 678.  When considering whether a complaint states a claim upon which relief can be granted,

24  the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007),

25  and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416

26  U.S. 232, 236 (1974).

27         In his complaint, plaintiff seeks damages against four defendants:  the California

28  Department of Corrections and Rehabilitation (CDCR), George Guirgino, Juan Granadoz, and M.

2

1 | Barnett. CDCR is immune under the Eleventh Amendment from any § 1983 claim for damages.

2 | Will v. Michigan Dept. of State Police, 491 U.S. 58, 66 (1989). Plaintiff sues the other three

3 | defendants in their official capacity as officers for the CDCR. However, suits against state

4 | officials in their official capacities are essentially suits against the state for which they work. Id.

5 | at 71. Accordingly, Eleventh Amendment again bars suit.

6 | Plaintiff also sues defendants Granadoz and Barnett as individuals. The alleged events

7 | which form the basis of plaintiff's claims include an attack upon plaintiff by an inmate named

8 | Barrera on February 10, 2010, and the use of pepper spray on plaintiff by defendant Granadoz

9 | later that day. However, these events also form the basis of claims brought by plaintiff against

10 | Granadoz and Barnett in 2:11-cv-1015 WBS CKD P, are therefore duplicative, and must be

11 | dismissed. See Adams v. Cal. Dep't of Health Sevs., 487 F.3d 684, 688 (9th Cir. 2007) (no right

12 | to maintain separate actions involving the same subject matter against the same defendants).

13 | For all of these reasons, and because no purpose would be served by granting plaintiff

14 | leave to amend, the court will recommend that this action be dismissed. Also, plaintiff is warned

15 | that if he again seeks to initiate a duplicative action in this court, sanctions may be imposed.

16 | In accordance with the above, IT IS HEREBY ORDERED that:

17 | 1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 5) is granted.

18 | 2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees

19 | shall be collected and paid in accordance with this court's order to the Director of the California

20 | Department of Corrections and Rehabilitation filed concurrently herewith.

21 | 3. The Clerk of the Court assign a district court judge to this case.

22 | IT IS HEREBY RECOMMENDED that:

23 | 1. Plaintiff's complaint be dismissed; and

24 | 2. This case be closed.

25 | These findings and recommendations are submitted to the United States District Judge

26 | assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

27 | after being served with these findings and recommendations, plaintiff may file written objections

28 | with the court. The document should be captioned "Objections to Magistrate Judge's Findings

1    and Recommendations."  Plaintiff is advised that failure to file objections within the

2    specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951

3    F.2d 1153 (9th Cir. 1991).

4    Dated:  April 14, 2016

5                                                    _____

6                                                    CAROLYN K. DELANEY
                                                     UNITED STATES MAGISTRATE JUDGE
7

8

9    1
     chav0520.14
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                    4