1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   GUILLERMO CHAVEZ,                          No.  2:16-cv-0520 WBS CKD P

12                  Plaintiff,

13        v.                                    ORDER

14   CALIFORNIA DEPARTMENT OF
     CORRECTIONS AND
15   REHABILITATION, et al.,

16                  Defendants.

17

18          Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. §

19   1983.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. §

20   636(b)(1).

21          On April 14, 2016, the court recommended that plaintiff's complaint be dismissed and this

22   case be closed.  This recommendation was based in part on the fact that some of the claims

23   presented in plaintiff's complaint were already before the court in 2:11-cv-1015 WBS CKD P.

24   That case has now been closed with one claim being dismissed without prejudice: a claim against

25   defendant Granadoz for a violation of the Eighth Amendment concerning Granadoz's use of

26   /////

27   /////

28   /////

                                              1

1    pepper spray against plaintiff.  While plaintiff asserts that claim in the complaint filed in this

2    action, it appears that claim is now time-barred.[1]

3           Good cause appearing, IT IS HEREBY ORDERED that:

4           1.  The court's April 14, 2016 findings and recommendations are vacated.

5           2.  Plaintiff must show cause within 21 days why his claim against defendant Granadoz

6    arising from his use of pepper spray against plaintiff on February 14, 2010 should not be

7    dismissed as time-barred.

8           3.  Plaintiff's failure to show cause within 21 days will result in a recommendation that the

9    claim described above be dismissed as time-barred.

10   Dated:  June 29, 2016

11                                                            _____
                                                             CAROLYN K. DELANEY
12                                                           UNITED STATES MAGISTRATE JUDGE

13

14

15   [1]
16   chav0520.14(a)

17

18

19

20

21

22

23

24   _____

25   [1]  As plaintiff has been previously informed, the limitations period applicable to § 1983 claims is
     two years.  Maldonado v. Harris, 370 F.3d 945, 955 (9th Cir. 2004).  Further, for prisoners
26   incarcerated on a sentence of less than life imprisonment, the limitations period is tolled for two
     years.  Jones v. Blanas, 393 F.3d 918, 927-28 (9th Cir. 2004).  Plaintiff's Eighth Amendment
27   claim against defendant Granadoz arises from events occurring on February 14, 2010.  Plaintiff's
     complaint was received by the court on March 10, 2016.
28