UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO CHAVEZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECITONS AND REHABILITATION, et al.,<br><br>　　　　　Defendants. | No. 2:16-cv-0520 WBS CKD P<br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff is a state prisoner proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and is proceeding in forma pauperis. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

　　　　The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). The court has conducted the required screening with respect to plaintiff's complaint.

　　　　Plaintiff seeks damages against four defendants: the California Department of Corrections and Rehabilitation (CDCR), George Guirgino, Juan Granadoz, and M. Barnett. CDCR is immune

under the Eleventh Amendment from any § 1983 claim for damages. Will v. Michigan Dept. of State Police, 491 U.S. 58, 66 (1989). Plaintiff sues the other three defendants in their official capacity as officers for the CDCR. However, suits against state officials in their official capacities are essentially suits against the state for which they work. Id. at 71. Accordingly, the Eleventh Amendment again bars suit.

Plaintiff also sues defendants Granadoz, Guirgino and Barnett as individuals. The events which form the basis of plaintiff's claims include an attack upon plaintiff by an inmate named Barrera at California State Prison, Solano on February 10, 2010, and the use of pepper spray on plaintiff by defendant Granadoz later that day.

With respect to defendant Guirgino, former CDCR Director of Adult Institutions, plaintiff fails to point to any facts which reasonably suggest he had any direct involvement in any of the events at issue or anything amounting to a violation of plaintiff's federal rights. Since government officials cannot be vicariously liable for acts of their subordinates, Ashcroft v. Iqbal, 566 U.S. 662, 676-77 (2009), plaintiff fails to state an actionable claim against Guirgino.

As for Granadoz and Barnett, all of plaintiff's claims, with the exception of one, are barred by the "res judicata" doctrine, Owens v. Kaiser Health Foundation Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 713), as plaintiff litigated claims to their conclusion in 2:11-cv-1015 WBS CKD P which are based on the same set of facts as the claims presented here.

The remaining claim, that defendant Granadoz violated plaintiff's Eighth Amendment rights by using pepper spray against him on February 14, 2010, was dismissed without prejudice from 2:11-cv-1015 WBS CKD P on June 22, 2016 pursuant to plaintiff's request. Prior to dismissal, plaintiff was warned that if he were to attempt to litigate that claim in a subsequent action, the claim could ultimately be dismissed as time barred. ECF No. 98. Plaintiff was specifically informed:

> The limitations period applicable to § 1983 claims is two years. Maldonado v. Harris, 370 F.3d 945, 955 (9th Cir. 2004). Further, for prisoners incarcerated on a sentence of less than life imprisonment, the limitations period is tolled for two years. Jones v. Blanas, 393 F.3d 918, 927-28 (9th Cir. 2004).

On June 29, the court ordered plaintiff to show cause why his remaining claim should not be dismissed as time-barred. Plaintiff did not respond to the court's order.

It appears clear from plaintiff's complaint and the court's docket in 2:11-cv-1015 WBS CKD P that plaintiff's remaining Eighth Amendment claim against defendant Granadoz is time barred. See Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014) (where affirmative defense is clear on the face of the complaint, the complaint may be dismissed for failure to state a claim). Therefore, the claim should be dismissed.

For all of the foregoing reasons, the court will recommend that plaintiff's complaint be dismissed, and this case be closed.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's complaint be dismissed; and

2. This case be closed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 12, 2016

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
chav0520.fnrs